IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDWIN J. GIRE and GRAYSON ) <br> ENTERPRISES, INC. d/b/a GIRE ) <br> ROOFING, ) <br> ) <br> Defendants. ) | Case No. 16-cr-20044 |

## VERDICT

**SUE E. MYERSCOUGH, U.S. District Judge:**

The Court finds Defendant Edwin J. Gire (Gire) guilty on Counts 1 through 7 of the Indictment (d/e 1). The Court also finds Defendant Grayson Enterprises, Inc. (Grayson Enterprises) guilty on Counts 3 through 7 of the Indictment. Defendants waived their rights to a jury trial and to special findings by the Court. Nevertheless, the Court herein provides a brief recitation of some of the evidence that supports the verdict.

## I. COUNTS 1-4: VISA FRAUD

To prove Defendants guilty of visa fraud as charged in Counts 1 through 4 of the Indictment, the Government must prove, beyond a reasonable doubt, that:

1. The defendant knowingly presented an application or other document required by immigration laws or regulations containing a false statement; and

2. The statement was material; and

3. The statement was made under penalty of perjury.

Additionally, to prove Grayson Enterprises guilty of visa fraud as charged in Counts 3 and 4 of the Indictment, the Government must prove, beyond a reasonable doubt, that:

1. The offense charged was committed by an agent or employee of Grayson Enterprises; and

2. In committing the offense, the agent or employee intended, at least in part, to benefit Grayson Enterprises; and

3. The agent or employee acted within his or her authority.

The Government met its burden on each count of visa fraud included in the Indictment. The evidence presented at trial established that individuals or entities seeking to hire H-2B visa workers are required by immigration laws or regulations to submit

I-129 petitions to the Department of Homeland Security (DHS). From 2011 to 2014, Gire, through an immigration attorney, submitted four I-129 petitions to DHS on behalf of either Gire Construction, Inc. (Gire Construction) or Grayson Enterprises. Gire signed each petition[1] and, in so doing, certified "under penalty of perjury" that the petition and the evidence submitted with it were true and correct to the best of his knowledge. See, e.g., Gov't Ex. 100, p. 14.

However, attached to each of the four I-129 petitions were multiple fraudulent roofing contracts. See, e.g., Gov't Ex. 100, pp. 39, 42. Testimony from numerous witnesses at trial established that the contracts detailed roofing jobs that the supposed customers of Gire Construction or Grayson Enterprises never agreed to and contained forged signatures of the alleged customers or their representatives. The fraudulent contracts were among the documents that Gire, under penalty of perjury, certified as true and

---

[1] There are instances in the record where it appears that certain pages of I-129 petitions were signed more than once. See, e.g., Gov't Ex. 300, p. 37; Gov't Ex. 608, p. 1. However, the Government proved beyond a reasonable doubt that Gire signed the I-129 petitions submitted to DHS. Defendants' contention that the documents were signed by Saman Movassaghi, the immigration attorney who prepared portions of the I-129 petitions, or a woman named Fatima was not supported by credible evidence at trial. Also unsupported by credible testimony was Defendants' contention that "Fatima" sent certain e-mails and documents to Ms. Movassaghi while pretending to be Gire and Kimberly Young.

correct to the best of his knowledge when he submitted the I-129 petitions. Gire submitted these fraudulent contracts in an attempt to justify the number of H-2B visa workers Gire Construction or Grayson Enterprises was requesting. The fraudulent nature of the contracts made Gire's statements about the veracity of the documents submitted to DHS false. The evidence at trial also established, beyond a reasonable doubt, that Gire's false statements about the accuracy of the roofing contracts were material, as neither Gire Construction nor Grayson Enterprises would have received agency approval for any of the H-2B visa workers they requested if the contracts were known to be fraudulent.

In short, the evidence presented at trial established the elements of visa fraud beyond a reasonable doubt as to Defendant Edwin J. Gire on Counts 1 through 4 of the Indictment.

In addition, the Government proved beyond a reasonable doubt that Grayson Enterprises committed visa fraud as charged in Counts 3 and 4 of the Indictment. Testimony presented at trial, particularly the testimony of Kimberly Young, the owner of Grayson Enterprises, established that Gire was an agent of Grayson Enterprises and that Gire acted within his authority in submitting

I-129 petitions to DHS for the purpose of obtaining H-2B visa workers. Gire committed visa fraud in 2013 and 2014 with the intent, at least in part, to benefit Grayson Enterprises, as Gire requested the H-2B visa workers for Grayson Enterprises. Gire's intent to benefit Grayson Enterprises by committing visa fraud is also evidenced by bank records showing a payment from Kevin Daley, a man Defendants paint as the mastermind of the visa fraud committed in 2013 and 2014, to Kimberly Young for $4,000 in September 2014.

Considering all of the evidence presented at trial, the Court finds Defendant Edwin J. Gire guilty of the offense of visa fraud as charged in Counts 1 through 4 of the Indictment. The Court finds Defendant Grayson Enterprises, Inc. guilty of the offense of visa fraud as charged in Counts 3 and 4 of the Indictment.

## II. COUNTS 5-7: HARBORING ILLEGAL ALIENS

To prove Defendants guilty of harboring illegal aliens as charged in Counts 5 through 7 of the Indictment, the Government must prove, beyond a reasonable doubt, that:

1. The defendant harbored the person named in the indictment; and

2. The person named in the indictment was an alien; and

 3. The person named in the indictment came, entered, or remained in the United States in violation of the law; and

 4. The defendant knew or recklessly disregarded the fact that the person named in the indictment was not lawfully in the United States.

 The Government proved beyond a reasonable doubt that Gire committed the offense of harboring illegal aliens.  The dispute between Defendants and the Government on Counts 5 through 7 concerns whether Gire's actions are sufficient to constitute harboring.  Undisputed evidence at trial proved beyond a reasonable doubt that the individuals listed in Counts 5 through 7 of the Indictment were aliens who came, entered, or remained in the United States in violation of federal law and that Gire knew or recklessly disregarded the fact that these three aliens were not lawfully in the United States.

 Defendants take the position that because Gire made no effort to conceal the fact that the three aliens were living in the building owned by Grayson Enterprises, he did not harbor the aliens.  However, the Seventh Circuit has pointed out that harboring is distinct from concealment, as a person can harbor an illegal alien merely by providing the alien with housing for the purpose of

making an employment opportunity with the person more attractive. United States v. Costello, 666 F.3d 1040, 1045 (7th Cir. 2012); see also United States v. Campbell, 770 F.3d 556, 568 (7th Cir. 2014) (noting that the terms "conceal" and "harbor" have independent meanings). According to Defendants, harboring requires some level of concealment. The Court declines to adopt this definition of harboring, as doing so would equate two distinct terms and create a loophole that was not intended by those who enacted the statute prohibiting the harboring of illegal aliens. See United States v. McClellan, 794 F.3d 743, 750 (7th Cir. 2015) (quoting Costello, 666 F.3d at 1045) (holding that 18 U.S.C. § 1324's prohibition on harboring should be seen as "plug[ging] a possible loophole left open by merely forbidding concealing and shielding from detection.").

The housing-as-a-benefit-of-employment scenario described by the Seventh Circuit in Costello occurred here. Gire allowed the three aliens listed in the Indictment to live in a building owned by Grayson Enterprises. Gire did this to make the aliens' employment as roofers for Grayson Enterprises attractive despite the fact that Grayson Enterprises was paying them less than the applicable prevailing wage. And because the three aliens lived in the building

owned by Grayson Enterprises, they did not have to interact with landlords who might demand documentation regarding the aliens' immigration status or live on the streets, actions that would have made it more likely that the aliens would have interacted with law enforcement. By giving the aliens a place to live, Gire safeguarded the aliens from the authorities by making it more difficult for the authorities to locate them. As such, Gire's actions constitute the harboring of illegal aliens. See McClellan, 794 F.3d at 750-51.

In short, the evidence established the elements of harboring illegal aliens beyond a reasonable doubt as to Defendant Edwin J. Gire on Counts 5 through 7 of the Indictment.

To prove Grayson Enterprises guilty of harboring illegal aliens as charged in Counts 5 through 7 of the Indictment, the Government has the same additional burden it had with respect to the visa fraud counts. As was the case with the visa fraud offenses charged in Counts 3 and 4, the evidence proved beyond a reasonable doubt that Grayson Enterprises harbored illegal aliens as charged in Counts 5 through 7 of the Indictment. Gire, an agent of Grayson Enterprises, allowed three aliens to live in a building owned by Grayson Enterprises for the purpose of benefitting the company. Gire was authorized to have the aliens live there;

Kimberly Young, the owner of Grayson Enterprises, knew of the aliens' presence but did not tell Gire to make them leave.  The aliens paid rent to live in the building owned by Grayson Enterprises, and, in part by charging the aliens rent, Grayson Enterprises was able to employ a workforce that made less than the applicable prevailing wage, thereby allowing the company to increase its profits and decrease its employment tax burdens.

Considering all of the evidence presented at trial, the Court finds Defendants Edwin J. Gire and Grayson Enterprises, Inc. guilty of the offense of harboring illegal aliens as charged in Counts 5 through 7 of the Indictment.

### III. FORFEITURE

On the issue of forfeiture, the Court must determine whether the Government has proven, by a preponderance of the evidence, that:

1. The real property was used to facilitate or was intended to be used to facilitate the commission of the any of the offenses of which the defendant was convicted; and

2. There is a nexus between the property alleged to be forfeitable and the offense giving rise to the forfeiture allegation.

The Government met its burden with respect to the real property located at 309 West Hensley Road in Champaign, Illinois. Defendants have been convicted of harboring illegal aliens as charged in Counts 5 through 7 of the Indictment. Forfeiture is appropriate for these offenses under 18 U.S.C. § 982(a)(6).

The Court finds that the property located at 309 West Hensley Road in Champaign, Illinois, was used by Defendants to facilitate their harboring of illegal aliens. The aliens listed in Counts 5 through 7 lived in the building located at 309 West Hensley Road. As such, the connection between the property and the harboring offenses is more than incidental. Accordingly, the Court finds that there is a nexus between the aforementioned property and each harboring offense such that forfeiture of the real property located at 309 West Hensley Road in Champaign, Illinois, is appropriate.

The Government shall tender to the Court a proposed preliminary order of forfeiture.

## IV. CONCLUSION

Judgment of conviction on Counts 1 through 7 of the Indictment is entered against Defendant Edwin J. Gire. Judgment of conviction on Counts 3 through 7 of the Indictment is entered against Defendant Grayson Enterprises, Inc. An Order on

Implementation of Sentencing Guidelines will be entered.  A presentence investigation report is hereby ordered.  This matter is set for sentencing on Monday, June 4, 2018, at 10:00 a.m. in Courtroom I in Springfield, Illinois.  Defendant Gire's bond shall remain in effect pending sentencing.

ENTER:  January 31, 2018

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
