UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-CR-20044 |
| | ) | |
| EDWIN J. GIRE and GRAYSON ENTERPRISES, INC., d/b/a GIRE ROOFING, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION BY THE UNITED STATES FOR A**
**<u>GENERAL ORDER OF FORFEITURE</u>**

The United States of America, by John C. Milhiser, United States Attorney, and John D. Hoelzer, Assistant United States Attorney, respectfully submits its Motion for a General Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C). In support thereof, the United States sets forth the following:

**I.    Background**

On June 8, 2016, a grand jury returned a 10-count indictment against Edwin Gire and Grayson Enterprises, Inc. d/b/a Gire Roofing. (R.1) Counts One and Two charged Gire with visa fraud in violation of 18 U.S.C.

§ 1546(a). Counts Three and Four contained additional charges of visa fraud against Gire and Grayson Enterprises. Counts Five through Seven charged both defendants with harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), and counts Eight through Ten charged them with unlawfully employing aliens in violation of 8 U.S.C. §§ 1324a(a)(1)(A) and (f)(1). And lastly, the indictment sought forfeiture of "any conveyance, including any vessel or vehicle used in the commission of the offense of which the person is convicted and any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted, or that is used to facilitate or is intended to be used to facilitate, the commission of the offense of which the person is convicted." *Id*. at 15-16. The property subject to forfeiture included, but was not limited to, real property located at 309 W. Hensley Road, Champaign, Illinois 61822. *Id*. The indictment further notified the defendants that if property subject to forfeiture is unavailable, the Government is entitled to forfeit substitute assets pursuant to 21 U.S.C. § 853(p). *Id*. at 16.

The defendants pleaded guilty to Counts Eight through Ten and proceeded to a bench trial on the remaining seven counts. On January 31, 2018, this Court entered a verdict, finding the defendants guilty on all of the remaining counts. (R.61) In its verdict, this Court also found a nexus between the defendants' harboring offenses and the Hensley Road property in that the property was used to facilitate the harboring of illegal aliens. *Id*. at 9-10.

After the execution of a search warrant at the Hensley Road property, but before the defendants were indicted, the Hensley Road property was sold for $3,100,000 to an apparent *bona fide* purchaser for value.

On August 17, 2018, the Government moved for a Preliminary Order of Forfeiture, consisting of a personal money judgment against the defendants in the amount of $3,100,000 and forfeiture of certain substitute assets (three parcels of real property) to satisfy that money judgment. (R.85) This Court granted the Government's motion and entered both a money judgment and an order of forfeiture as to the substitute assets. (R.88)

The defendants subsequently opposed the Preliminary Order of Forfeiture, arguing that the standard for forfeiture of substitute assets had not been met because they never owned, and therefore never sold, the Hensley Road property. (R.91, pp. 7-11; R.93, p. 5) Rather, the defendants argued that Quick Leasing, Inc. technically owned and sold the property, thereby shielding the property, sale proceeds, and any substitute assets from forfeiture. *Id*. The Government responded that Quick Leasing was the defendants' nominee, and ownership of the properties at issue would be explored during discovery and an ancillary proceeding, as provided by Fed. R. Crim. P. 32.2. (R.94)

On November 19, 2018, this Court vacated the Preliminary Order of Forfeiture. (R.105) This Court's order focused on the statutory requirements for forfeiture of substitute property (as opposed to directly forfeitable property), and it concluded that those requirements had not been met because the Hensley Road property and the substitute properties did not belong to Gire or Grayson Enterprises. *Id*. at 17. This Court indicated that the result would be different if Quick Leasing were sufficiently linked to either Gire or Grayson Enterprises. *Id*. at 18.

## II.     Argument

In this motion, the Government does not seek an order forfeiting specific substitute property. Rather, the Government seeks a general order of forfeiture that requires the defendants to forfeit all proceeds of, and any property or conveyance used to commit or facilitate the commission of, the offenses for which they were convicted.

Fed. R. Crim. P. 32.2(b)(2)(C) provides that if this Court cannot identify all of the specific property subject to forfeiture, or calculate the amount of the money judgment, before sentencing, it may enter an order that describes the property in general terms. Furthermore, 21 U.S.C. § 853(m) permits the Government to conduct post-conviction discovery and investigation to locate and identify assets subject to forfeiture in a criminal case. *See also* Fed. R. Crim. P. 32.2(a)(b)(3) ("The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) . . . to conduct any discovery the court considers proper in identifying, locating, or disposing of the property."). The rules also provide a mechanism for amending an order of forfeiture "at any time" to include property that "is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered" or that "is

5

substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1).

Moreover, case law recognizes that there will be times when the court must enter an order of forfeiture in general terms, subject to later amendment pursuant to Rule 32.2(e)(1) once the Government has had an opportunity to complete its post-conviction investigation, or once the court has had an opportunity to conduct a hearing regarding the forfeitability of the property. *United States v. Arnold*, 878 F.3d 940, 942-44 (10th Cir. 2017) (court had jurisdiction to amend forfeiture order to specify the amount of the money judgment after sentencing because the preliminary order of forfeiture entered at sentencing provided that it would do so, as Rule 32.2(b)(2)(C) allows; the rule was enacted to reconcile the requirement that the court make the forfeiture order part of the sentence with the fact that the Government may not have completed its post-conviction investigation to determine the amount of the forfeiture judgment); *United States v. Papas*, 715 Fed. App'x. 88 (9th Cir. 2018) (court's entry of forfeiture order in general terms at sentencing, followed by hearing and amendment to include a specific amount, was fully in accord with Rule 32.2(b)(2)(C)); *United States v. Yutronic*, 544 Fed. App'x. 18, 20 (2nd Cir. 2013) (agreeing

that a forfeiture order may be issued in general terms under Rule 32.2(b)(2)(C), but holding that the order must state that it will be amended pursuant to Rule 32.2(e)(1) when the court is able to determine the amount of the money judgment; vacating and remanding to comply with the rule); *United States v. Ferrario-Pozzi*, 368 F.3d 5, 11 (1st Cir. 2004) (the court may advise the defendant at sentencing that he will be required to forfeit the property involved in his money laundering offense and leave the determination of the actual amount until later; the subsequent entry of a final order of forfeiture is the equivalent of amending a preliminary order to add newly discovered property pursuant to Rule 32.2(e)); *United States v. Abrahams*, 2014 WL 2532473 (D. Md. June 4, 2014) (noting that court issued consent order in general terms per Rule 32.2(b)(2)(C), and is amending it to include a calculation of the money judgment).

Here, it will be necessary to conduct post-conviction discovery in order to identify and locate property subject to forfeiture. Although the defendants would have this Court believe that there cannot be any property subject to forfeiture because they have no ties to Quick Leasing, the Government believes otherwise.

As this Court is aware, the key actors are Edwin Gire and Kimberly Young. Young testified at trial that she and Gire are engaged, have a child together, and live together. (Exh.A, Trial Tr., pp. 967-68, 971, 1091) She further testified that in 2011, she and Gire started Grayson Enterprises together, which did business as Gire Roofing. *Id*. at 1091. Young said that she was the president of the business, but left day-to-day operations to Gire as she had a fulltime job with Horizon Hobby until January of 2014. *Id*. at 970, 977, 979, 983, 1011, 1012, 1040, 1091. When asked about the Hensley Road property, Young testified:

> Q. Okay. Now in March of 2014, were you all – was Ed still running Grayson Enterprises out of your third bedroom in the townhouse?
>
> A. No. We had moved – we had purchased the building at 309 West Hensley at the end of December 2013.
>
> […]
>
> Q. Okay. Now, Ms. Young, you bought the building at 309 West Hensley; is that right?
>
> A. That's correct.
>
> Q. Okay. And what funds did you use to buy that building?
>
> A. I sold some property that I owned in Villa Grove, and then I had a personal loan from a friend of mine.

8

> Q. Okay. And when you purchased that building, you and Ed made a determination that you were going to convert part of it so that individuals could reside there for part of the time?
>
> A. Yes.
>
> […]
>
> Q. Okay. And did you – why did you pick this building?
>
> A. Well, we had looked at other buildings within the area. Most of them were for lease. And we already paying $4,000 a month to lease the place on Neil Street, and I thought it would be better for us to purchase rather than lease.
>
> […]
>
> Q. Now, you acquired the warehouse in December of 2013; is that correct?
>
> A. Correct.

*Id*. at 1047, 1074, 1082, 1130. Young never testified that Quick Leasing, as opposed to her and Gire, purchased the property. Indeed, she never mentioned Quick Leasing at all during her testimony.

The defendants now attempt to minimize the relationship between them and Quick Leasing, arguing that Quick Leasing owned the Hensley Road property and merely leased it to Grayson Enterprises. They overlook,

9

though, that Young was the president of Quick Leasing. Indeed, the lease between Quick Leasing and Grayson Enterprises was signed by Young for both the landlord and tenant. (R.91-1) Gire was also an agent of Quick Leasing and signed checks on its behalf. In addition to Young's close personal relationship with Gire and her testimony that Gire was the real decision maker, this Court recognized in its verdict that Young knew of the aliens' presence at the Hensley Road property but did not tell Gire to make them leave. (R.61, p. 9) This Court further recognized that the unlawful harboring allowed Young's company (Grayson Enterprises) to increase its profits and decrease its employment tax burdens. *Id*. Given that Young knew about the harboring while wearing her Grayson Enterprises hat, she necessarily knew about it while wearing her Quick Leasing hat as well.

In sum, the ties between Quick Leasing and the defendants lead the Government to believe that Quick Leasing is the defendants' nominee with respect to the Hensley Road property. But, in any event, this Court need not determine, at this juncture, "all the specific property subject to forfeiture or calculate the total amount of the money judgment." Fed. R. Crim. P. 32.2(2)(C). The obfuscation of forfeitable property in this case demonstrates why the law allows this Court to enter a general order of

forfeiture, subject to later amendment once the Government has had an opportunity to complete its post-conviction investigation. The entry of a final order of forfeiture describing the property in general terms allows this Court to comply with the requirements of Rule 32.2(b)(4), which provides that the order of forfeiture must be made part of a defendant's sentence at the time he is sentenced, and included in the judgment.

The defendants will have an opportunity to object to any amendment to the order of forfeiture to include any specific asset or to specify any amount as a money judgment. Additionally, third parties will have an opportunity to contest the forfeiture of any specific asset included in the order of forfeiture if it is amended pursuant to Rule 32.2(e)(1). *See* Rule 32.2(e)(2) (providing for the commencement of an ancillary proceeding if the order of forfeiture is amended to include newly discovered or identified property).

WHEREFORE, the United States respectfully requests that this Court enter a General Order of Forfeiture directing the defendants to forfeit all proceeds of, and any property or conveyance used to commit or facilitate the commission of, the offenses for which they were convicted, such order

to be made part of each defendant's sentence and judgment pursuant to Rule 32.2(b)(4), and such order to be subject to amendment pursuant to Rule 32.2(e)(1) at any time.

    Respectfully submitted,

    JOHN C. MILHISER
    UNITED STATES ATTORNEY

BY:   s/John D. Hoelzer
    John D. Hoelzer, IL Bar No. 6295098
    Assistant United States Attorney
    United States Attorney's Office
    318 South Sixth Street
    Springfield, IL 62701
    Telephone: 217-492-4450
    email: john.hoelzer@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on December 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                        s/John D. Hoelzer
                                        John D. Hoelzer, IL Bar No. 6295098
                                        United States Attorney's Office
                                        318 South Sixth Street
                                        Springfield, IL 62701
                                        Telephone: 217-492-4450
                                        email: john.hoelzer@usdoj.gov