**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
SPRINGFIELD, ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.16-cr-20044 |
| ) | |
| GRAYSON ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**RESPONSE BY GRAYSON ENTERPRISES, INC. TO THE GOVERNMENT'S REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR A GENERAL ORDER OF FORFEITURE**

Now comes the defendant, GRAYSON ENTERPRISES, INC., d/b/a GIRE ROOFING, [herein after "Grayson"] by its attorney D. Peter Wise of Gates Wise Schlosser & Goebel and responds to the Government's Reply in Support of the United States' Motion by for a General Order of Forfeiture (#119) stating as follows:

1.  The government's introductory sentence tinkers with trial testimony to manufacture the suggestion that Kimberly Young dissembled at trial, and her dissembling requires the Court to grant the government's motion for a general order of forfeiture

pursuant to 32.2 (b)(2)(C).

2. The government proffers that Kimberly Young testified that Edwin Gire and she "bought the Hensley Road warehouse so that their business, Grayson Enterprises, wouldn't have to pay rent anymore."(#119 p.1) There was no citation to the trial transcript.

3. When put in proper context, this testimony only addresses the history behind 309 West Hensley Road. Kimberly Young testified to her thoughts about why it would be a good business decision to own a building rather than rent the Neil Street property that housed the roofing company. (Tr. Vol 5 p. 1082, 83) The government did not cross-examine Kimberly Young about when she first started thinking about purchasing 309 West Hensley Road. Nor was she asked how her thinking about the property progressed from these initial thoughts to Quick Leasing, Inc.'s purchase of 309 West Hensley Road, to the April 1, 2014 lease agreement between Quick Leasing, Inc. and Grayson Enterprises after Quick Leasing, Inc. purchased

the property. There was no government cross examination about who purchased and owned the property or why the property was leased. There was no cross examination about any relationship between Quick Leasing, Inc. and Grayson Enterprises. Finally, there was never any trial testimony that Grayson was a business controlled by both Edwin Gire and Kimberly Young. The exhibit the government attaches to its pleadings established that prior to trial the government knew that "Grayson Enterprises, Inc. is an S corp created under the laws of the state of Illinois as an operating entity for its work as a general contractor d/b/a Gire Roofing. The company was incorporated in August 2011 and Kimberly F. Young is the sole owner and officer of the corporation."(#119-1 Government Exhibit A)

4. The government knew well before indicting the case, and thus well before trial, that Hensley Road was purchased by Quick Leasing, Inc. and that Kim Young was the principal of that corporation. Pre trial discovery shows that on January 12,

2014, Brooks Abramson, an agent with the United States Department of Labor, sent case agent David Scharlat an email that attached Champaign County assessor information demonstrating that Quick Leasing Inc. owned 309 West Hensley Road. (Discovery, Bates Stamp Gire-046158,59)

5. For the government to represent in its introductory paragraph the discovery is necessary to solve some riddle of its own making is a bit disingenuous. In any event, the discovery provisions of rule 32.2 and 21 U.S.C. 853 do not allow for the fishing expedition the government wants to conduct. (*See* #114 par. 57) Also, the advisory committee notes to Rule 32.2 (b)(3) provide that subdivision (b)(3) comes into play "once the court enters a preliminary order of forfeiture directing the forfeiture of whatever interest each defendant may have in the forfeited property… and the government begins the process of seizing the property and commencing an ancillary proceeding to determine the interest of any third party. (Rule 32.2 Advisory Committee Notes) This is the only context for which 32.2 or 21

U.S.C. 853 allows for limited discovery.

6. In what the government describes as a preliminary matter, it asserts that Grayson did not dispute any of the factual assertions regarding their lengths to Quick Leasing, Inc. (#119 p.1)

7. Grayson's pleading addressed all of the legal and factual arguments in support of the government's bid for a general order of forfeiture. Grayson explicitly or implicitly refuted all facts and conclusions the government marshalled to support its baseless nominee argument. (#107 par. 7, 15, 16, 45-57) Furthermore, Grayson objects to the government's latest attempt to now equate Quick Leasing, Inc.'s allegedly nominal ownership of Hensley Road with their attempt to paint Quick Leasing, Inc. as Grayson's nominee. (#119, p. 1) Alleged nominal ownership does not equal alleged status as a nominee. The government has not and cannot meet the factors the Seventh Circuit has established to define a nominee in the context of criminal forfeiture. (See *United States v. Szaflarski,*

614 Fed. Appx. 836 (7th Cir. 2015))

**What is Property Subject to Forfeiture?**

8. To meet the arguments in the government's reply the term "property subject to forfeiture" must be defined. As the government points out, that term is used throughout Rule 32.2. (#119 p.3) Property subject to forfeiture is (1) property of the defendant; (2) that the court has determined can be forfeited under an applicable statute; and (3) the court has determined that the government has proved by a preponderance of the evidence that there is the requisite nexus between the property and the offense. (Fed.R.Crim.P. 32.2 (b)(1)(A). The property must be the defendant's property because criminal forfeiture is an *in personam* action in which only the defendant's interest in the property can be forfeited. *United States v. Riley* 78 F. 3d 367 (8th Cir. 1996)

9. The court determines the forfeitability of property pursuant to 32.2 (b)(1)(A) and (B).

10. Courts have acknowledged the order of operations of Rule

32.2.

"Multiple overlapping statutes govern forfeiture. The court must look to each count for which [a defendant] was convicted and identify a specific statutory basis for forfeiture setting forth the requisite nexus between the crime and any money or property connected to that crime that [the defendant] *will be ordered to forfeit.* See Fed. R. of Crim. P. 32.2 (b)(1)(A) The government has the burden to prove that nexus by a preponderance of the evidence (citation omitted). The court may rely on 'evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable Fed.R.Crim.P. 32.2 (b)(1)(B).' " *United States v. St. Pierre* 809 F. Supp 2d 538, 541, 542 (E.D. Louisiana, 2011) *(emphasis added)*

Thus, the determination that property is subject to forfeiture must be made by the court before the court enters a preliminary order of forfeiture in either a specific order (32.2 (b)(2)(A)) or a general order (32.2 (b)(2)(C )), or a combination of these two types of orders.

11. The government omits essential language from 32.2 to argue that no forfeiture determination pursuant to 32.2 (b)(1)(A) is necessary if the court issues a general order of forfeiture. "But as discussed above, if the court finds that specific property is

subject to forfeiture, then a general order of forfeiture is largely unnecessary. Moreover, the text of Rule 32.2 (b)(2)(C) states that it applies when 'specific property subject to forfeiture' has not been determined, so it is simply wrong to say that it applies after the court 'first find[s] that there is property subject to forfeiture' " (#119 p. 3,4)

12. The general order provision of Rule 32.2 does not apply "when specific property subject to forfeiture has not been determined." (#119 p. 4) It applies "if, before sentencing, the court cannot identify *all* the specific property subject to forfeiture or calculate the total amount of the money judgment..." (Rule 32.2 (b)(2)(C)) (*emphasis added)*

13. The essence of the government's proposed misapplication of Rule 32.2 is distilled in its statement that, "because the parties disagree about the existence of property subject to forfeiture, Rule 32.2 (b)(2)(C) applies." (#119 p. 3) Disputes between the government and a defendant about whether property is subject to forfeiture are resolved by the court using the factual and

legal requirements and the evidence and hearing process detailed in 32.2 (b)(1)(A) and (B). The judge resolves that dispute (makes a forfeiture determination) by determining if the property is subject to forfeiture under the applicable statute and determining whether the government has established the requisite nexus between the property and the offense. A trial court's resolution of that dispute is memorialized by using the two types of preliminary orders detailed in 32.2 (b)(2).

14. The government defines a general order of forfeiture as some type of blank check where the court grants a general order that allows the government to conduct wide ranging discovery to investigate the dispute between the government and defendant about whether property is subject to forfeiture. Rule 32.2 does not support this definition. Nor does any case law. Nor does any case interpreting the rule.

15. Next, the government objects to the defendant's assertion that if the court were to grant a general order then 309 West

Hensley Road must be excluded from that order. The government frames this argument in a couple steps. First, it establishes that following the Court's verdict, the government sought forfeiture of substitute assets after the sale of 309 West Hensley Road made that property unavailable for forfeiture. Next, the government points out that the defendants opposed the preliminary order of forfeiture by arguing that they did not sell the property, thereby making it unavailable for forfeiture, nor was the seller, Quick Leasing, Inc., the nominee of the defendants. These steps led to the government's position that it "seeks to conduct discovery aimed largely at determining whether those [the defendants] assertions are true."

16. As argued above, the adversarial positions of the parties on the issue of the forfeitability of the substitute assets are resolved by the court before an order is entered.

17. In this case, the Court made the determination that the government's proposed substitute assets were not subject to forfeiture when it vacated the Preliminary Order of Forfeiture.

That order included three findings of fact. First, the court found that the government had not shown by a preponderance of the evidence that 309 West Hensley Road was transferred or sold as a result of any act or omission by Edwin Gire or Grayson Enterprises. Second, the court found that the government had not shown by a preponderance of the evidence that any of the three parcels of real property forfeited as substitute assets were the property of Gire or Grayson Enterprises. And finally, this court ruled that Quick Leasing, Inc. was not the defendant's nominee. (#105 p. 17, 18)

18. The government likens the court's ruling to an adverse ruling on a summary judgment motion: "Just as a civil plaintiff who does not prevail on his summary judgment motion is not estopped from proceeding to trial, so to is the government here not estopped from conducting discovery to identify whether property is subject to forfeiture." (#119 p. 5,6) Suffice it to say that an adverse ruling on a summary judgment motion where the court determines there is a trial issue of fact is a

completely different kettle of fish from this Court's order vacating the preliminary order of forfeiture. That order concluded that the government had not established a basis for forfeiture of the proposed substitute assets. The court's ruling was that there was no property subject to forfeiture. As a result there was no need for the Preliminary Order of Forfeiture. And neither Rule 32.2 (b)(2)(C), nor any other provision of 32.2 entitles the government to any discovery to try to undo this Court's Order.

19. But the government's argument truly misses the point. A general order of forfeiture is appropriate where the court finds there is property subject to forfeiture but, before sentencing, the court, for whatever reason, cannot identify all the specific property that is subject to forfeiture or calculate the total amount of a money judgment.

20. Neither 309 West Hensley Road, nor the three parcels of real property the government proposed as substitutes assets can be the subject of a general order of forfeiture. These properties

were specifically identified by the government in earlier pleadings. The Court's order determined that these properties were not subject to forfeiture. The government cannot reverse course and now claim that it cannot identify these properties and try to meet the provisions of a general order that address property that is subject to forfeiture but cannot be identified by the court.

## Conclusion

Before this court issues a general order of forfeiture it must make findings of fact and conclusions of law that there is property subject to forfeiture. Those determinations are made by employing the rules established in 32.2 (b)(1)(A) and (B). If, before sentencing, this court could not identify all the properties subject to forfeiture then a general order of forfeiture addressing the property that cannot be identified would be appropriate. The government's idea of a general order of forfeiture has no basis in Rule 32.2. The government's view that the dispute between the defendant and the government over whether the property is subject to forfeiture allows

this court to enter a general order of forfeiture is a misreading of Rule 32.2. This is especially true since that dispute has already been resolved by the court. A general order of forfeiture cannot be used as a vehicle to relitigate factual determinations this Court made when vacating its Preliminary Order of Forfeiture.

                                          Respectfully submitted,
                                          Grayson Enterprises, Inc.- Defendant


                                          s/ D. Peter Wise

D. Peter Wise, Bar Number: 6187876
Gates Wise Schlosser & Goebel
1231 South Eighth Street
Springfield, IL. 62703
Telephone:  217/522-9010
Fax: 217/522-9020
E-Mail:  peter@gwspc.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Eugene Miller
Assistant United State's Attorney
201 South Vine Street
Urbana, IL 61802

Gail Noll
Assistant United State's Attorney
201 South Vine Street
Urbana, IL 61802

J. Steven Beckett
Beckett Law Office, P.C.
508 South Broadway
Urbana, IL 61801

Lawrence Solava
Beckett Law Office, P.C.
508 South Broadway
Urbana, IL 61801

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**s/ D. Peter Wise**
D. Peter Wise, Bar Number: 6187876
Gates, Wise, Schlosser & Goebel
1231 South Eighth Street
Springfield, IL. 62703
Telephone:  217/522-9010
Fax: 217/522-9020
E-Mail:  peter@gwspc.com